IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAMES D. HALL, )
 )
    Plaintiff, )
 )
v. ) Civil Action No. 3:07CV576-HEH
 )
E. PEARSON, *et al.*, )
 )
    Defendants. )

**MEMORANDUM OPINION**
**(Denying Motion For Injunctive Relief)**

Plaintiff, a Virginia state inmate proceeding *pro se* and *in forma pauperis*, filed this action under 42 U.S.C. § 1983 alleging that defendants Pearson, Schilling, and Amonette ("Defendants") are denying him medical care for a skin rash. This matter is before the Court on Plaintiff's request for a preliminary injunction requiring Defendants to take him to see a dermatologist.

The Court notes that "preliminary injunctions are extraordinary interlocutory remedies that are granted in limited circumstances and then only sparingly." *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 526 (4th Cir. 2003). The United States Court of Appeals for the Fourth Circuit has explained that the "limited circumstances" which justify issuing a preliminary injunction are "the demonstration of a need to protect the status quo and to prevent irreparable harm during the pendency of the litigation [in order] to preserve the court's ability in the end to render a meaningful judgment on the merits." *Id.* The Fourth Circuit further stated that "if the circumstances justifying

consideration of a preliminary injunction are not present," then the court need not consider the discretionary four-part "balancing of factors" test elucidated in *Blackwelder Furniture Co. v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977). *Id.* at n.3 (citing *Blackwelder*, 550 F.2d at 194–96).

Accordingly, the likelihood of the predicted harm is the primary and central consideration in the preliminary injunction analysis because it serves to "limit the deployment of the heavy artillery of preliminary injunctive relief to situations in which it is readily apparent to the court that such relief is actually necessary to prevent a harm from occurring." *In re Microsoft Corp.*, 333 F.3d at 530. Therefore, to warrant the extraordinary remedy of preliminary injunctive relief, Plaintiff must demonstrate a "likelihood that immediate irreparable harm will occur." *Reid v. Johnson*, 333 F. Supp. 2d 543, 550 (E.D. Va. 2004) (citing *Manning v. Hunt,* 119 F.3d 254, 263 (4th Cir.1997)). "Furthermore, the plaintiff must demonstrate a link between his underlying challenge and the predicted irreparable injuries." *Id.* (citing *Manning*, 119 F.3d at 265).

Plaintiff's motion for a preliminary injunction was received on September 4, 2007. In that motion, Plaintiff alleged that Defendants had been denying him medical treatment "[f]or over 9 month's [sic]." (Prelim. Inj. at 1.) However, the medical records accompanying the response filed by defendants Pearson and Schilling reflect that in January of 2008, Plaintiff began receiving medical treatment for his rash. At this juncture, because it appears that Plaintiff is now being seen by the prison doctor and is currently being prescribed medication to treat his skin infection, the Court is unable to

conclude that Plaintiff is at risk of suffering imminent, irreparable harm. Furthermore, the decision of whether to refer Plaintiff to a medical specialist generally rests in the discretion of the prison's doctors,[1] and it would be against the public interest to issue an injunction based solely on Plaintiff's disagreement with the treatment program authorized by his treating physician at the prison. *Cf. Shaw v. Murphy*, 532 U.S. 223, 230 (2001) (cautioning federal courts against assuming "a greater role in decisions affecting prison administration."). Because Plaintiff has not established that he is at imminent risk of irreparable harm, his motion for preliminary injunctive relief will be denied. The Court will address the merits of Plaintiff's claim under 18 U.S.C. § 1983 on another occasion, as that claim is not yet ripe for disposition.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Aug. 11, 2008
Richmond, Virginia

---

[1] Disagreements as to prescribed treatment between a prisoner and physician are not sufficient to state a constitutional claim, absent exceptional circumstances. *See Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *see also Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985). Plaintiff has set forth no exceptional circumstances here. *See Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992) (noting that types of medication prescribed and referrals to specialists are generally matters of medical judgment); *Burke v. McPeak*, No. 7:07CV00554, 2007 WL 4571302, at *4 (W.D. Va. Dec. 27, 2007) (stating that a prisoner has no constitutional right to receive a particular treatment or be evaluated by a specialist just because he believes such care is necessary); *Womack v. Kober*, No. 7:06CV00710, 2006 WL 3526909, at *2 (W.D. Va. Dec. 6, 2006).

3